## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 10-00181-CJC(ANx)                    Date:  February 23, 2010

Title: UNITED STATES OF AMERICA v. SEAN L. HARRISON

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

Michelle Urie                              N/A
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                          None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE WHY IRS SUMMONS SHOULD NOT BE ENFORCED** [filed 02/12/10]

**Introduction and Background**

On July 15, 2009, the IRS issued a summons to Sean L. Harrison directing Mr. Harrison to appear before an IRS officer on August 24, 2009, for questioning and to provide documentation of bank statements, checkbooks, canceled checks, saving account passbooks, and records or certificates for a particular period.  (S. Johnson Decl. ¶ 8, Ex. 1.)  The Revenue Officer for the case, Sandra Johnson, declares that she is investigating Mr. Harrison's tax liabilities for taxable years 2000 through 2006.  (S. Johnson Decl. ¶ 5.)  The purpose of her investigation is to determine the collectability of Mr. Harrison's outstanding, assessed tax liabilities.  (S. Johnson Decl. ¶ 6.)  Accordingly, Ms. Johnson issued the summons.  (S. Johnson Decl. ¶ 8.)  On August 4, 2009, Mr. Harrison sent Ms. Johnson a document entitled "Legal Petition to Quash Non-Judicial I.R.S. Summons." (S. Johnson Decl. ¶ 10, Ex. 3.)  There is no evidence that Mr. Harrison actually filed this petition in a court of law.  Mr. Harrison then failed to appear on August 24, 2009.  (S. Johnson Decl. ¶ 11.)

On September 28, 2009, the IRS sent Mr. Harrison a letter informing him that he was not legally entitled to quash a summons that was issued to aid in the collection of his tax liability.  (S. Johnson Decl., Ex. 4.)  He was also told that he must appear before Ms. Johnson on October 15, 2009.  (S. Johnson Decl., Ex. 4.)  Mr. Harrison failed to appear

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-00181-CJC(ANx)                   Date: February 23, 2010
                                                  Page 2

---

before the IRS on October 15, 2009 and has not yet complied with the summons.  (S. Johnson Decl. ¶¶ 13-14.)  The Government requests that the Court issue an order directing Mr. Harrison to show cause why the IRS summons should not be enforced.  The Government's request is GRANTED.

**Legal Standard**

        IRS summonses are administrative, but enforcement by a federal court is an adversary proceeding in which the party summoned may have the opportunity to challenge the summons.  *United States v. Church of Scientology of Cal.*, 520 F.2d 818, 821 (9th Cir. 1975).  The Court shall not enforce a summons if it would constitute an abuse of process.  *United States v. Powell*, 379 U.S. 48, 58 (1964).  In order to obtain enforcement of an IRS summons, the government must first make a prima facie case for enforcement.  *Powell*, 379 U.S. at 57-58.  In order to establish a prima facie case for enforcement, the government must make the "minimal" showing that (1) the investigation will be conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all of the administrative steps required by the Internal Revenue Code.  *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) (citing *Powell*, 379 U.S. 48).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met."  *Crystal*, 172 F.3d at 1144 (quoting *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)).

        Once the government has established the *Powell* elements, " 'those opposing enforcement of a summons . . . bear the burden to disprove the actual existence of a valid civil tax determination or collection purpose by the Service . . . . Without a doubt, this burden is a heavy one.' "  *Crystal*, 172 F.3d at 1144 (quoting *United States v. Jose*, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)).  "The taxpayer [or party summoned] may challenge and attempt to rebut the prima facie case of good faith the government has established or attempt to show that enforcement of the summons would otherwise constitute an abuse of process."  *United States v. Gilleran*, 992 F.2d 232, 234 (9th Cir. 1993). Accordingly, "the district court issues an order requiring the party on whom the summons has been served to show cause, at an enforcement hearing, why compliance with the summons should not be required."  *United States v. Samuels, Kramer & Co.*, 712 F.2d 1342, 1345 (9th Cir. 1983).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-00181-CJC(ANx)                     Date: February 23, 2010
                                                    Page 3

---

**Analysis**

      The sworn declaration submitted by Revenue Officer Johnson is sufficient to demonstrate the Government's prima facie case of good faith.  Ms. Johnson has declared that the summons was issued in order to make a determination as to the collectability of assessed taxes, which is a permissible purpose pursuant to 26 U.S.C. § 7602.  (S. Johnson Decl. ¶ 5-8.)  Mr. Harrison's banking records are certainly relevant to the collectability of taxes assessed against him.  Ms. Johnson declares that the IRS does not yet have the materials that they have requested and that the IRS complied with the administrative steps required by the Internal Revenue Code.  (S. Johnson Decl. ¶¶ 16-17.)  This is sufficient to demonstrate the Government's prima facie case.

**Conclusion**

      For the foregoing reasons, the Court hereby issues an ORDER TO SHOW CAUSE why the IRS summons should not be enforced.  Any opposition to this order to show cause shall be submitted on or before March 22, 2010.  Any reply shall be submitted on or before March 29, 2010.  The hearing on the order to show cause is now scheduled for April 12, 2010 at 1:30 p.m.

imd

MINUTES FORM 11
CIVIL-GEN                                           Initials of Deputy Clerk MU